GERMANN BROS. MOTOR TRANSPORTA-
TION, Inc., et al., Appellants,

v.

Howard FLORA and the Department of Mo-
tor Transportation of Kentucky,
Appellees.

Court of Appeals of Kentucky.

Dec. 10, 1954.

Rehearing Denied Feb. 18, 1955.

William A. Young, Robert M. Pearce,
Frankfort, for appellants.

Joseph J. Leary, Rudy Yessin, George M.
Catlett, Frankfort, for appellees.

CULLEN, Commissioner.

The appeal is from a judgment of the
Franklin Circuit Court, upholding the action
of the Department of Motor Transporta-
tion of Kentucky in granting a common
carrier truck certificate to appellee Howard

Flora. The appellants are several motor carriers who had protested Flora's application for the certificate.

The certificate authorizes Flora to carry on a common carrier truck operation, serving all intermediate points, over the following route:

"From Maysville, Ky., via Ky. 10 through Morgansburg, Fernleaf, Germantown to Brooksville; from Brooksville via Ky. 19 through Chatham to Augusta; then via Ky. 8 and Ky. 435 back to Maysville, through Dover, Ky., operating over an unnumbered blacktop road from Minerva to Dover."

Maysville lies on the Ohio River, some 70 miles southeast of Covington and Newport. Augusta also lies on the Ohio River, some 20 miles northwest of Maysville. The other main towns on the proposed route, which are Germantown, Brooksville and Chatham, lie to the south and west of Maysville and Augusta.

The protesting carriers stated that they had no objection to the granting of a certificate for a strictly local service between Maysville as one terminus and any of the other towns along the route as the other terminus; however, they objected strenuously to the granting of any authority to handle interchange or transfer freight originating from or destined to a point other than those named in the certificate; they also made some objection to the granting of authority for a local service between Germantown, Brooksville, Chatham and Augusta.

It appears that the main objection of the protesting carriers is, that if Flora's certificate is not restricted against the handling of interchange freight, Flora may later sell his certificate to another carrier operating between Covington-Newport and Augusta, who could "tack" Flora's certificate to its existing certificate and thus acquire the right to render a new through service between Covington-Newport and Maysville, in competition with existing service. See KRS 281.631 and 281.630(7).

The principal protesting carrier was Germann Bros. Motor Transportation, Inc., which, at the time Flora's application was heard, had no authority to render any intrastate truck service between Covington-Newport and Maysville, and which had no authority to serve any of the towns outside of Maysville that are on Flora's route. Another protestant was the A. B. & C. Motor Freight Line, which operates a truck service from Covington-Newport to Augusta, Chatham, Brooksville and Germantown, but which has no authority to serve Maysville. There were three other protestants, but it nowhere appears what routes they serve or what their interest is.

The main contention of the protesting carriers, on this appeal, is that there was a total absence of any proof, before the Department of Motor Transportation, of a need for any service other than a strictly local service between Maysville and the other towns on Flora's proposed route, and therefore the department had no authority to grant an unrestricted certificate which would permit the handling of interchange freight. On the other hand, Flora argues that the protestants have no standing in the case, and are not entitled to be heard, because the Germann Bros. company, which was the principal protestant, does not serve the territory in question, and the other protestants, who were merely nominal parties, made no showing as to what their routes were or how they would be adversely affected by the granting of the certificate to Flora.

We are faced with a question that seems to be one of first impression, namely: To what extent is the rendering of interchange service to be considered as a separate item in the determination of convenience and necessity for a common carrier certificate? We find nothing in the motor carrier statutes, or in the decisions of this Court or of the courts of other jurisdictions, to guide us in reaching an answer.

We think it may be considered to be a matter of common knowledge that in

the past the right to render interchange service has always been treated as a routine incident of a common carrier certificate. Nothing in the motor carrier statutes has suggested otherwise, and none of the certificates that have come before this Court have ever made a separation of this right. This is not to say, however, that separate consideration of the question of interchange service may not be proper in certain circumstances.

■ It occurs to us that in ordinary circumstances it would be unduly burdensome for the applicant to be required to prove, specifically, convenience and necessity for interchange service.

■ With a limited basis available for the forming of a proper conclusion, we have decided that the right to render interchange service should be considered merely an incident of a certificate to render a common carrier service between designated points to the extent that the applicant should not be required, in the first instance, to prove convenience and necessity for the interchange service. However, if a protestant makes an affirmative showing that the rendering of interchange service will adversely affect his interests, then the applicant may be required to produce some evidence to support a grant of the right to render such service. As we view the situation, and as the situation actually was developed in the instant case, the question as presented to the Department of Motor Transportation is, not whether interchange rights shall be granted affirmatively in the certificate, but whether the certificate shall be restricted against interchange service. In our opinion, the burden should be upon the protestant to show why the restriction should be imposed.

■ Applying these principles to the facts of the present case, we find that the record shows the Germann Bros. company has no interests that could be adversely affected by the rendering of interchange service, and the other protesting carriers have made no showing of any kind as to what their interests are or how they might be affected by the rendering of interchange service by Flora. Accordingly, the Department of Motor Transportation was justified in not restricting Flora's certificate.

■ As concerns the contention that Flora made no showing of a need for local service between Germantown, Brooksville, Chatham and Augusta, this contention seems to have been an afterthought, and we think the evidence warranted the inclusion of this service in Flora's certificate.

The judgment is affirmed.